## · CHARLESTON.

DANIEL D. GREATHOUSE et al. v. J. A. SERGENT.

Submitted February 14, 1922.    Decided February 21, 1922.

1. MINES AND MINERALS—*Agreement that Purchaser Have One-Fourth Oil Lease Delay Rentals Held Not to Require Vendor to Account for Only One-Eighth on Theory that He Owned Only Half of Lease.*

   A contract by which one party sells to another a tract of land, except the oil and gas therein, and in which the vendor agrees that the vendee shall have one-fourth of any delay rentals arising from any oil or gas lease then on said tract of land, or that may thereafter be placed thereon, will not be construed so as to require the said vendor to account for only one eighth of such delay rentals upon the theory that he only owns one-half of the oil and gas under the land at the date of the contract.    (p. 349).

2. CONTRACTS—*Parties' Contemporary Construction May be Entitled to Great Weight, but Such Acts must be Free from Constraint and Not Doubtful.*

   While a contemporary construction placed upon a contract by the parties in execution thereof is entitled to great weight, and sometimes to controlling weight, in determining the meaning of equivocal or doubtful provisions, the acts relied upon as constituting such construction must be free from constraint, with full knowledge of their import, and not of a doubtful or dubious character.    (p. 349).

Error to Circuit Court, Roane County.

Action by Daniel D. Greathouse and others against J. A. Sergent. Judgment for plaintiffs, and the defendant brings error.

*Affirmed.*

*Thos. P. Ryan* and *Geo. F. Cunningham,* for plaintiffs in error.

*Harper & Baker,* for defendant in error.

RITZ, JUDGE:

By this writ of error the defendant seeks reversal of a judgment in favor of the plaintiffs for certain delay rentals

which it is claimed he was under obligation to pay them under the terms of a contract of sale of certain lands, and the deed made in pursuance thereof.

It appears that on the 26th of April, 1913, the defendant, being the owner of three small parcels of land, entered into a contract by which he agreed to sell, and did sell the same to the plaintiff Daniel D. Greathouse, for the sum of $800.00, $100.00 of which was paid in cash, and the residue ·to be paid at the rate of $100.00 a year, with interest on the deferred payments. A short time after this contract was entered into the other plaintiff, L. L. Greathouse, secured a half interest therein from his brother. The plaintiffs, in accordance with the terms of the contract, paid the purchase money as the same became due, and on the 22nd of June, 1920, all of said purchase money having been paid, the defendant conveyed to the plaintiffs said tracts of land. One of said tracts consisted of 76 poles, another of 14 acres and 16 poles, and the other one-half acre. Upon the tract consisting of 76 poles and the tract of 14 acres and 16 poles there were oil and gas leases at the time of the sale, and the defendant Sergent was only the owner of one-half of the oil ᵃand gas in the 14-acre and 16-pole tract, a thrid party being the owner of the other one-half. In the contract of sale and in the deed the oil and gas underlying the said three tracts of land were reserved by the grantor, the defendant herein, together with ·all royalties, incomes, bonuses and rentals accruing and arising therefrom, except the second parties, being the plaintiffs in this suit, shall have and be entitled to one-half of the delay rentals arising from the 76-pole lot, and one-fouth of such delay rentals arising from ·the 14-acre and 16-pole lot under any lease for oil and gas purposes now on said lots, or which may hereafter be placed on the same. The lease then on said lots provided for the payment of very small delay rentals, in the one case $2.00 a quarter, and in the other $1.50 a quarter. It seems that Sergent collected these small rentals from the date of the contract in April, 1913, until the expiration of said leases, and that in May, 1918, he entered into a new lease for oil and gas on the 76-pole lot under which he was to receive

delay rentals to the amount of $150.00 per annum, and in June, 1914, he entered into a new lease for oil and gas on the 14-acre and 16-pole lot under the terms of which he received $150.00 delay rental for his one-half interest therein. The defendant has never accounted to the plaintiffs for any of the delay rentals received by him under the leases on these lots at the time the contract was entered into, and he does not contest their right to recover a part thereof. He has accounted to the plaintiffs for one-half of the delay rentals received by him upon the 76-pole lot under the new lease, and there is no controversy arising herein in regard thereto. The principal controversy is the delay rentals arising from the 14-acre and 16-pole lot under the new lease, the plaintiffs' contention being that they are entitled to receive, under the terms of the contract and deed, one-fourth of all the delay rentals paid on this tract of land, and the defendants contention being that they are entitled to receive one-fourth of the one-half received by him.

It appears that the manner in which the defendant accounted to the plaintiffs for the delay rentals which he has already paid them was that as each of the purchase money notes came due there was credited thereon the part of the delay rentals which the defendant admitted the plaintiffs were entitled to receive, and the balance of such notes paid. The credits given on these notes, so far as the 14-acre tract is concerned, was only for one-fourth of the one-half of the delay rentals instead of for one-fourth of the whole thereof, and the defendant's principal contention is that because the plaintiffs paid the balance on these notes from time to time and acceded to this contention, the parties have placed a contemporaneous construction upon the contract which will be controlling in determining their rights thereunder.

The provision of the contract in question hardly seems susceptible of two constructions. It provides in simple, plain language that the plaintiffs are to have one-half of the delay rentals arising from the 76 pole lot, and one-fourth of the delay rentals arising from the 14-acre lot under any lease for oil and gas purposes now on said lots, or which

may hereafter be placed on the same. It may be quite true that the plaintiffs knew that the defendant only owned one-half of the oil and gas in the 14-acre lot, but this can make no difference so far as their rights are concerned. The question here is, what did the defendant sell them, and this question is answered by the clear, unequivocal language of the contract, that is, one-fourth of the delay rentals arising from any lease now on or that may hereafter be placed upon the 14-acre lot.

The plaintiffs do not admit that they have acceded to the contention of the defendant that he should only account for one-fourth of the one-half of these delay rentals, but on the other hand contend that the first time he made this contention they protested it, but on this occasion he credited on the back of the note about to become due the amount of the delay rentals in accordance with his contention, and .put it in the bank for collection, .and they were compelled to pay the same, as they contend, in order to prevent a forfeiture of their contract of purchase, and according to the plaintiffs this was about the circumstances under which all of the credits were made. While the defendant insists that the plaintiffs agreed that his construction of the contract was correct, his examination fails to disclose that there was any such dealings between them as amounts to a joint construction of the contract by the parties. While it is true that a contemporaneous construction placed upon an equivocal or doubtful contract will be followed by the courts, and in some cases be allowed to control, even against what might be the interpretation were it not for such construction, in order for the same to have that effect, it must result from the free and unconstrained action of both parties with full knowledge of the facts, and not arise from acts of doubtful or equivocal import such as are shown in this case. The court below interpreted this contract as requiring the defendant to account for one-fourth of the entire delay rentals arising from the 14-acre tract, and in this construction we think he was entirely correct.

The judgment of the circuit court complained of will, therefore, be affirmed.                              *Affirmed.*